USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/3/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

SALVADOR DIAZ,

                Movant,

    -against-

UNITED STATES OF AMERICA,

                Respondent.

21-CV-2403 (VEC)

17-CR-0227 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

    WHEREAS on April 6, 2021, Mr. Diaz, proceeding *pro se,* filed a motion to obtain the grand jury transcript relating to the Superseding Indictment returned in *United States v. Salvador Diaz*, 17-CR-0227 (VEC) (Dkt. 163);

    WHEREAS on July 26, 2021, the Government opposed the motion (Dkt. 174);

    WHEREAS on August 4, 2021, Mr. Diaz filed a reply (Dkt. 178);

    IT IS HEREBY ORDERED THAT: Mr. Diaz's motion to obtain the grand jury transcript is DENIED. Grand jury proceedings carry a presumption of regularity, secrecy, and closure. *See In re Grand Jury Subpoena*, 103 F.3d 234, 239 (2d Cir. 1996). A defendant may overcome the strong presumption of grand jury regularity and secrecy only through a strong showing of "particularized need that outweighs the need for secrecy." *United States v. Moten*, 582 F.2d 654, 662 (2d Cir. 1978) (internal quotations omitted). Parties may make such a showing by "proving 'that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *In re Grand Jury Subpoena*, 103 F.3d at 239 (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Nw*, 441 U.S. 211, 222 (1979)).

Mr. Diaz has failed to make the strong showing of particularized need required to overcome the presumption of grand jury secrecy. Mr. Diaz argues that he "has a significant interest in obtaining the grand jury transcript in order to demonstrate the unlawfulness of his indictment." Dkt. 163 at 3-4. Specifically, Mr. Diaz asserts that the indictment fails to state an offense and that venue was not proper in the Southern District of New York. *Id.*; Dkt. 178 at 7-8. Putting aside the fact that the grand jury transcript is not necessary to make either argument, this Court has previously considered and rejected these identical arguments, Dkt. 146 at 19-21; *United States v. Diaz,* 967 F. 3d 107, 111 n.4 (2d Cir. 2020), and Mr. Diaz has failed to demonstrate how the contents of the grand jury transcript would alter that ruling. Moreover, any renewed motion to dismiss the indictment would be untimely. Under Federal Rule of Criminal Procedure 12(b)(3), motions to dismiss an indictment for failure to state an offense or improper venue and motions alleging error in grand jury proceedings must be made before trial "if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Because all of Mr. Diaz's proffered arguments were available to him before trial, any motion to dismiss is untimely.

Finally, to the extent Mr. Diaz is arguing that the prosecutors engaged in misconduct when they appeared before the grand jury to seek the Superseding Indictment, Mr. Diaz has failed to make any "specific factual allegations of government misconduct." *See United States v. Torres*, 901 F.2d 205, 233 (2d Cir. 1990) ("A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct."). Absent any "basis to conclude that an impropriety or defect exists," this Court will not allow Mr. Diaz access to the grand jury records. *See United States v. Faltine*, No. 13-CR-315, 2014 WL 4370811, at *5 (E.D.N.Y. Sept. 2, 2014) (noting "a defendant is not routinely entitled to grand jury [records] in order to engage

in a fishing expedition in hopes of uncovering an impropriety or defect in the proceeding where he has no basis to conclude that an impropriety or defect exists"); *United States v. Stern,* No. 03-CR-81, 2003 WL 22743897, at *3 (S.D.N.Y. Nov. 30, 2003) ("[A]bsent any indication of government impropriety that would defeat that presumption [of regularity] …, this court has no roving commission to inspect grand jury minutes, and will not fashion one.") (internal citation omitted).

For the foregoing reasons, Mr. Diaz's motion to obtain the grand jury records is DENIED. Mr. Diaz's reply in support of his habeas petition is due **October 1, 2021.**

The Clerk of Court is directed to mail a copy of this order to Mr. Diaz.

SO ORDERED.

Dated:   September 3, 2021
         New York, New York

                                                      _____
                                                      **VALERIE CAPRONI**
                                                      **United States District Judge**